**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER EBERE UGOCHUKWU, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5442 <br><br> Agency No. <br> A074-170-862 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Christopher Ebere Ugochukwu, a native and citizen of Nigeria, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order declining to

remand and dismissing his appeal from an immigration judge's decision denying

his applications for asylum, withholding of removal, and protection under the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Ugochukwu's contention that he is not removable based on his conviction for possession with intent to distribute heroin is not properly before the court because he did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional but must be enforced if properly raised by a party).

Ugochukwu does not challenge the agency's determination that his controlled substance convictions constitute particularly serious crimes rendering him ineligible for asylum, withholding of removal, and withholding of removal under the CAT, so we do not address this issue. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). In light of this disposition, we need not reach Ugochukwu's remaining contentions regarding the merits of his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the

results they reach).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Ugochukwu failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Nigeria. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative). We reject as unsupported by the record Ugochukwu's contention that the agency used the wrong legal standard in evaluating his CAT claim.

The BIA did not abuse its discretion in declining to remand proceedings. *See Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) (a motion to remand is treated the same as a motion to reopen); *Najmabadi v. Holder*, 597 F.3d 983, 989-90 (9th Cir. 2010) (evidence of changed country conditions must be material and qualitatively different from evidence previously presented).

To the extent Ugochukwu claims that the BIA violated due process because of mailing issues and by failing to provide him with an opportunity to submit additional country conditions evidence, those claims fail because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We do not consider the materials Ugochukwu references in the opening brief

that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**